UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-80041-Cr-Rosenberg/Reinhart

21 U.S.C. § 841(a)(1)
21 U.S.C. § 846
18 U.S.C. § 924(c)
18 U.S.C. § 922(g)(1)
18 U.S.C. § 924(d)(1)
21 U.S.C. § 853

UNITED STATES OF AMERICA

v.

SAMANTHA HANA YI,
   a/k/a "China,"
and DARNELL JULIO MENDEZ,

                Defendants.
_____/

FILED BY ____TM____ D.C.

Mar 28, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## INDICTMENT

The Grand Jury charges that:

### COUNT 1
### Conspiracy to Distribute a Controlled Substance
### (21 U.S.C. § 846)

From in and around January 2022, the exact date being unknown to the Grand Jury, and continuing through on or about March 6, 2024, in Palm Beach County, in the Southern District of Florida, the defendants,

**SAMANTHA HANA YI,**
**a/k/a "China,"**
**and**
**DARNELL JULIO MENDEZ,**

did knowingly and willfully combine, conspire, confederate, and agree with each other and other known and unknown persons to the Grand Jury, to possess with intent to distribute and distribute a controlled

substance, in violation of Title 21, United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 846.

With respect to the defendants, **SAMANTHA HANA YI, a/k/a "China,"** and **DARNELL JULIO MENDEZ**, it is further alleged the controlled substance involved in the conspiracy attributable to each defendant as a result of each defendant's own conduct, and the conduct of other conspirators reasonably foreseeable to each defendant, is 40 grams or more of a mixture and substance containing a detectable amount of N-Phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, that is, fentanyl, a Schedule II Controlled Substance, and that death resulted from the use of such substance, in violation of Title 21, United States Code, Section 841(b)(1)(B).

### COUNT 2
### Distribution of a Controlled Substance
### (21 U.S.C. § 841(a)(1))

On or about March 30, 2022, in Palm Beach County, in the Southern District of Florida, the defendants,

**SAMANTHA HANA YI,
a/k/a "China,"
and
DARNELL JULIO MENDEZ,**

did knowingly and intentionally distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a mixture and substance containing a detectable amount of N-Phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, that is, fentanyl, a Schedule II Controlled Substance, and that death resulted from the use of such substance.

## COUNT 3
### Possession with Intent to Distribute a Controlled Substance
### (21 U.S.C. § 841(a)(1))

On or about March 6, 2024, in Palm Beach County, in the Southern District of Florida, the defendants,

**SAMANTHA HANA YI,**
**a/k/a "China,"**
**and**
**DARNELL JULIO MENDEZ,**

did knowingly and intentionally possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a mixture and substance containing a detectable amount of N-Phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, that is, fentanyl, a Schedule II Controlled Substance.

## COUNT 4
### Possession of a Firearm in Furtherance of a Drug Trafficking Crime
### (18 U.S.C. § 924(c))

On or about March 6, 2024, in Palm Beach County, in the Southern District of Florida, the defendants,

**SAMANTHA HANA YI,**
**a/k/a "China,"**
**and**
**DARNELL JULIO MENDEZ,**

did knowingly possess a firearm in furtherance of a drug trafficking crime, a felony offense for which the defendants may be prosecuted in a court of the United States, that is, a violation of Title 21, United States Code, Sections 846 and 841(a)(1), as set forth in Counts 1 and 3 of this Indictment, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.

## COUNT 5
**Possession of a Firearm by a Prohibited Person**
**(18 U.S.C. § 922(g))**

On or about March 6, 2024, in Palm Beach County, in the Southern District of Florida, the defendant,

**SAMANTHA HANA YI,**
a/k/a "China,"

did knowingly possess a firearm, in and affecting interstate and foreign commerce, knowing that she had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Section 922(g)(1).

It is further alleged that the firearms is:

(i)     one (1) Palmetto State Armory, PA-15, 5.56x45 rifle,

(ii)    one (1) Maverick Arms (Mossberg), Model 88, 12-Gauge shotgun,

(iii)   one (1) Carl Walther, PPS, .40 S&W pistol,

(iv)    one (1) Smith & Wesson, Model 10-5, .38 Special revolver,

(v)     one (1) North American Arms, NAA-22M, .22 revolver,

(vi)    one (1) Taurus International Mfg. (Brazil), Model 85, .38 Special revolver,

(vii)   one (1) Glock Inc., 42, .380 Auto pistol,

(viii)  one (1) Beretta, 92FS, 9mm pistol,

(ix)    one (1) Kel-Tec, PLR-16, 5.56 pistol,

(x)     one (1) FN Herstal, FNS-9, 9mm pistol,

(xi)    one (1) Ruger, Mark II, .22 pistol,

(xii)   one (1) Sig Sauer, P365, 9mm pistol,

(xiii)   one (1) Glock GMBH, 26, 9mm pistol, and

(xiv)   one (1) Smith & Wesson, Bodyguard 380 (BG380), .380 pistol.

## COUNT 6
## Possession of a Firearm by a Prohibited Person
## (18 U.S.C. § 922(g))

On or about March 6, 2024, in Palm Beach County, in the Southern District of Florida, the defendant,

**DARNELL JULIO MENDEZ,**

did knowingly possess a firearm, in and affecting interstate and foreign commerce, knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Section 922(g)(1).

It is further alleged that the firearms is:

(i)   one (1) Palmetto State Armory, PA-15, 5.56x45 rifle,

(ii)   one (1) Maverick Arms (Mossberg), Model 88, 12-Gauge shotgun,

(iii)   one (1) Carl Walther, PPS, .40 S&W pistol,

(iv)   one (1) Smith & Wesson, Model 10-5, .38 Special revolver,

(v)   one (1) North American Arms, NAA-22M, .22 revolver,

(vi)   one (1) Taurus International Mfg. (Brazil), Model 85, .38 Special revolver,

(vii)   one (1) Glock Inc., 42, .380 Auto pistol,

(viii)   one (1) Beretta, 92FS, 9mm pistol,

(ix)   one (1) Kel-Tec, PLR-16, 5.56 pistol,

(x)   one (1) FN Herstal, FNS-9, 9mm pistol,

(xi)   one (1) Ruger, Mark II, .22 pistol,

5

(xii)   one (1) Sig Sauer, P365, 9mm pistol,

(xiii)  one (1) Glock GMBH, 26, 9mm pistol, and

(xiv)   one (1) Smith & Wesson, Bodyguard 380 (BG380), .380 pistol.

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **SAMANTHA HANA YI, a/k/a "China,"** and **DARNELL JULIO MENDEZ**, have an interest.

2. Upon conviction of a violation of Title 21, United States Code, Section(s) 841 and/or 846, as alleged in this Indictment, the defendants shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense, pursuant to Title 21, United States Code, Section 853.

3. Upon conviction of a violation of Title 18, United States Code, Section(s) 922(g) and/or 924(c), or any other criminal law of the United States, as alleged in this Indictment, the defendants shall forfeit to the United States any firearm and ammunition involved in or used in the commission of such offense, pursuant to Title 18, United States Code, Section 924(d)(1).

All pursuant to and Title 18, United States Code, Section 924(d)(1), and Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON

_____
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

_____
SHANNON O'SHEA DARSCH
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: _____

v.
SAMANTHA HANA YI,
a/k/a "China," and
DARNELL JULIO MENDEZ
_____/
Defendants.

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) ____
Number of New Defendants ____
Total number of new counts ____

**Court Division** (select one)
☐ Miami   ☐ Key West   ☐ FTP
☐ FTL    ☒ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _____
4. This case will take __7__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   I   ☐ 0 to 5 days
   II  ☒ 6 to 10 days
   III ☐ 11 to 20 days
   IV  ☐ 21 to 60 days
   V   ☐ 61 days and over

   (Check only one)
   ☐ Petty
   ☐ Minor
   ☐ Misdemeanor
   ☒ Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) Yes
   If yes, Magistrate Case No. 24-8095-RMM
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of March 6, 2024
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
16. Did this matter involve the participation of or consultation with now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No

By: _____
Shannon O'Shea Darsch
Assistant United States Attorney
FL Bar No.    68566

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: Samantha Hana Yi, aka "China"

**Case No**: _____

Count #: 1

Conspiracy to Distribute a Controlled Substance (Fentanyl) Resulting in the Death of Another

21 U.S.C. §§ 841(a)(1), 841 (b)(1)(B), and 846
* **Max. Term of Imprisonment**: Life Imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable)**: 20 Years Imprisonment
* **Max. Supervised Release**: Minimum 3 years to life term
* **Max. Fine**: $5,000,000
* **Special Assessment**: $100.00

Count #: 2

Distribution of a Controlled Substance (Fentanyl) Resulting in the Death of Another

21 U.S.C. § 841(a)(1), 841 (b)(1)(C)
* **Max. Term of Imprisonment**: Life Imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable)**: 20 Years Imprisonment
* **Max. Supervised Release**: Minimum 3 years to life term
* **Max. Fine**: $1,000,000
* **Special Assessment**: $100.00

Count #: 3

Possession with Intent to Distribute Fentanyl

21 U.S.C § 841(a)(1) and 841(b)(1)(C)
* **Max. Term of Imprisonment**: 20 Years Imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable)**: N/A
* **Max. Supervised Release**: 3 Years to Life
* **Max. Fine**: $1,000,000

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

Count #: 4

Possession of a Firearm in Furtherance of a Drug Trafficking Crime

18 U.S.C. § 924(c)(1)(A)(i)
* **Max. Term of Imprisonment:** Life
* **Mandatory Min. Term of Imprisonment:** 5 years, consecutive to any other term of imprisonment
* **Max. Supervised Release:** 5 years
* **Max. Fine:** $250,000.

Count #: 5

Felon in Possession of a Firearm

18 U.S.C. §§ 922(g)(1)
***Max. Term of Imprisonment:** 15 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** $250,000

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: Darnell Julio Mendez

**Case No**: _____

Count #: 1

Conspiracy to Distribute a Controlled Substance (Fentanyl) Resulting in the Death of Another

21 U.S.C. §§ 841(a)(1), 841 (b)(1)(B), and 846
* **Max. Term of Imprisonment:** Life Imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable):** 20 Years Imprisonment
* **Max. Supervised Release:** Minimum 3 years to life term
* **Max. Fine:** $5,000,000
* **Special Assessment:** $100.00

Count #: 2

Distribution of a Controlled Substance (Fentanyl) Resulting in the Death of Another

21 U.S.C. § 841(a)(1), 841 (b)(1)(C)
* **Max. Term of Imprisonment:** Life Imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable):** 20 Years Imprisonment
* **Max. Supervised Release:** Minimum 3 years to life term
* **Max. Fine:** $1,000,000
* **Special Assessment:** $100.00

Count #: 3

Possession with Intent to Distribute Fentanyl

21 U.S.C § 841(a)(1) and 841(b)(1)(C)
* **Max. Term of Imprisonment:** 20 Years Imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 Years to Life
* **Max. Fine:** $1,000,000

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

Count #: 4

Possession of a Firearm in Furtherance of a Drug Trafficking Crime

18 U.S.C. § 924(c)(1)(A)(i)
* **Max. Term of Imprisonment:** Life
* **Mandatory Min. Term of Imprisonment:** 5 years, consecutive to any other term of imprisonment
* **Max. Supervised Release:** 5 years
* **Max. Fine:** $250,000.

Count #: 6

Felon in Possession of a Firearm

18 U.S.C. §§ 922(g)(1)
***Max. Term of Imprisonment:** 15 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** $250,000

*****Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.